**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| S. GARETH GRAHAM, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:CV-05-2679 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| GEORGE E. HOFFER; EDGAR B. BAILEY; BRUCE K. BARCLAY; GARY L. EICHELBERGER; RICHARD L. ROVEGNO; R. THOMAS KLINE; JOHN H. ROLLER; MICHAEL D. VARNER; LYLE M. HERR; CUMBERLAND COUNTY; and COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT, CUMBERLAND COUNTY, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Before the Court are Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. Nos. 8, 11.) The motions have been fully briefed and are ripe for disposition.

**I.   BACKGROUND**

This civil rights action originated from an April 2001 sexual harassment lawsuit filed by Barbara Varner ("Varner"), an employee with the Pennsylvania Ninth Judicial District ("Ninth District"), alleging that Plaintiff S. Gareth Graham, her supervisor at the time, sexually harassed her. (Doc. No. 1, at ¶ 20.) After EEOC exhaustion, Varner filed a civil action in this Court, captioned <u>Varner v. Commonwealth of Pa., Ninth Judicial Circuit, et al.</u>, filed at 01-0725, against Plaintiff, the Ninth District, Cumberland County, and Joseph Osenkarski, Plaintiff's immediate

supervisor at the time. (Doc. No. 1, at ¶ 17.) On April 28, 2004, the Ninth District and Cumberland County settled the lawsuit with Varner, against the wishes of Plaintiff and Osenkarski, who wanted to defend themselves. (Id. ¶¶ 27-28.) Varner agreed to withdraw all of her claims, and the Ninth District and Cumberland County agreed to take measures to limit contact between Varner and Plaintiff while at work. Plaintiff would never again supervise Varner, and during Judge Hoffer's tenure as President Judge or for one year and ten months, whichever time was longer, Plaintiff would be required to seek permission before entering the county courthouse and to submit to a full security screening by the sheriff and courthouse security when entering. (Id., Exhibit A, ¶¶ 7(c),14.) Plaintiff argues that, had he been given the chance to respond to Varner's allegations in court, he could have proven that the allegations of sexual harassment were spurious and the result of Plaintiff breaking off "an illicit consensual sexual affair [of] several years" between the two. (Id. ¶ 25.)

Plaintiff further alleges that he was demoted to an institutional probation officer in the Cumberland County Prison in 1998 and was refused a promotion in retaliation for his role in Varner's lawsuit. (Doc. No. 1, at ¶¶ 23, 44-48.) Plaintiff alleges he was unfairly excluded from a parole officer overtime program and that, when he was finally allowed to participate, Defendants instituted special security measures that applied only to him. Plaintiff was required to contact a supervisor by phone prior to entering the building and required to have security personnel "shadow" him at all times when he remained in the courthouse after hours. (Id. ¶¶ 49-59.) Plaintiff also claims that on April 14, 2004, he was unlawfully detained in the courthouse lobby by Sheriff Kline when Plaintiff attempted to enter for a union vote. (Id. ¶¶ 38-42.)

Plaintiff initiated the above-captioned action on December 28, 2005, wherein he names

two sets of defendants. The "Commonwealth Defendants" include the Ninth District and Judges George E. Hoffer and Edgar B. Bayley. The "Cumberland County Defendants" include Cumberland County, County Commissioners Bruce K. Barclay, Gary L. Eichelberger, and Richard L. Rovegno ("Commissioner Defendants"), Sheriff R. Thomas Kline, and Parole Officers John H. Roller, Michael D. Varner, and Lyle M. Herr ("Parole Officer Defendants").

Plaintiff's Complaint comes in the form of a single count that includes broad allegations of deprivations of his "rights, privileges, and immunities guaranteed by the Fourth, Fifth and Fourteenth Amendments." (Doc. No. 1.) Although Count I contains little specificity, it appears that Plaintiff raises four § 1983 claims, alleging that all of the defendants: (1) demoted him without due process of law; (2) denied him a promotion and overtime work on the basis of an impermissible consideration; (3) restricted his movements in the courthouse without due process of law; and (4) seized and detained him on April 14, 2004 without due process. Plaintiff also appears to assert § 1985(3) and § 1986 claims against each defendant.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)

(citations omitted).  A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  <u>Wisniewski v. Johns-Manville Corp.</u>, 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).  The burden is on the moving party to show that no claim has been stated.  <u>Johnsrud v. Carter</u>, 620 F.2d 29, 33 (3d Cir. 1980).

## III.   DISCUSSION

### 1.   The Commonwealth Defendants' motion to dismiss will be granted

In their motion to dismiss, the Commonwealth Defendants argue, <u>inter</u> <u>alia</u>, that they are entitled to Eleventh Amendment immunity and qualified good faith immunity, and therefore that all claims against them must be dismissed.  (Doc. No. 12.)  Plaintiff filed no brief in opposition.  Pursuant to Local Rule 7.6, therefore, Plaintiff is deemed not to oppose the Commonwealth Defendants' motion to dismiss.  Moreover, upon careful review of the applicable law, the Court finds that the Commonwealth Defendants are entitled to the sovereign and qualified immunity defenses.[1]  Accordingly, the Commonwealth Defendants' motion to dismiss will be granted, and

---

[1] A judicial district in Pennsylvania has Eleventh Amendment immunity and can raise sovereign immunity as a defense unless it has previously been waived by the legislature in 42 Pa. Cons. Stat. § 8522.  <u>See</u> <u>Benn v. First Judicial Dist. of Pa.</u>, 426 F.3d 233, 241 (3d Cir. 2005).  Pennsylvania has not waived its sovereign immunity over the actions of which Plaintiff complains.  Therefore, the Ninth District enjoys sovereign immunity from each of Plaintiff's claims.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages, so long as the officials' "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  Plaintiff cites to no legal authority, and the Court finds none, establishing the right of an employee to prevent his employer from settling a sexual harassment case brought by a co-worker or from enacting security procedures to prevent contact between the employee and the accuser while at work.  Accordingly, Defendants Hoffer and Bayley are entitled to qualified immunity for their alleged employment related decisions.

all claims against the Commonwealth Defendants will be dismissed.

### 2. The County Defendants' motion to dismiss will be granted in part

Although the County Defendants seek dismissal of all of Plaintiff's claims, the County Defendants only offer the following arguments in support of their motion: (1) any claim arising from the 1998 demotion is time-barred; (2) Cumberland County and the individual County Defendants in their official capacities are immune from punitive damages; and (3) Plaintiff fails to meet the qualifications for either a 42 U.S.C. § 1985 or a § 1986 claim. In his brief in opposition, Plaintiff concedes that his § 1985 and § 1986 claims state no viable cause of action. (Doc. No. 15, at 2, ¶¶ 2-3.) Accordingly, these claims will be dismissed. However, Plaintiff argues that his 1998 demotion is not time-barred and that punitive damages are proper against the individual defendants. The Court will address the remaining arguments in turn.

#### A. Statute of Limitations

An individual bringing suit for alleged violations of his civil rights under 42 U.S.C. § 1983 based on events that occurred within Pennsylvania must file suit within two years of the alleged violation, per the Commonwealth's limitations period for personal injury actions. 42 Pa. Cons. Stat. § 5524; Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993). Plaintiff initiated the instant action on December 8, 2005. Accordingly, the County Defendants argue that the 1998 demotion alleged in Plaintiff's Complaint is time-barred by the applicable two-year statute of limitations. Plaintiff counters that the Court should toll the limitations period because he was in no position to file his own lawsuit while the Varner suit was ongoing and because effects of the 1998 demotion continue into the present.

The argument that the Court should toll the statute of limitations period because the

Varner suit prevented Plaintiff's own suit is without merit. Plaintiff was demoted around April 1998,[2] and Varner initiated her action in April 2001. (Doc. No. 1, ¶¶ 17, 22-23.) Accordingly, Plaintiff's demotion claim was time-barred one year before Varner filed her complaint and five years before the December 2005 filing of the instant civil action. Moreover, Plaintiff fails to articulate or in anyway explain why the Varner matter prevented Plaintiff's timely litigation of the case at bar.

Plaintiff further argues that the statute of limitations should be tolled because the initial action of demotion carries with it ongoing effects. These effects include the "loss of salary, benefits and seniority." (Doc. No. 15, at 7.) However, these effects are the natural result of any adverse employment action and do not by themselves toll the statute of limitations. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006).

To the extent that Plaintiff attempts to avail himself of the continuing violations doctrine, this argument also fails. The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). A plaintiff must show that the defendant's conduct is more than simply "isolated or sporadic acts," and that the most recent discriminatory act occurred within the limitations period. Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001); Shneck v. Saucon Valley School District, 340 F. Supp. 2d 558, 580 (E.D. Pa. 2004). The Third Circuit has created a "non-exhaustive list of discrete acts for which the limitations period runs from the act: termination, failure to promote,

---

[2] Plaintiff states that he was demoted "within 40 work days" of Defendant Hoffer taking the position of president judge, which Plaintiff claims occurred "in January of 1998." (Doc. No. 1, at ¶¶ 22-23.) Thus, even the most charitable reading of these facts would place Plaintiff's demotion in the beginning of April 1998.

denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, [and] wrongful accusation." O'Connor, 440 F.3d at 127. Although not listed by the O'Conner court, a demotion has similar substantive ramifications and temporal concerns, and its effects are no more ongoing then those felt after a termination. Like a termination or a failure to promote, the act of demotion is a discrete act, individually actionable, and here the demotion was known to Plaintiff in 1998. Because Plaintiff's demotion cannot be aggregated with more recent events under a continuing violations theory, Plaintiff's claims based upon the 1998 demotion are time-barred and will be dismissed.[3]

### B.     Punitive Damages

The County Defendants argue that Cumberland County and the individual defendants in their official capacities are immune from punitive damages in § 1983 claims. (Doc. No. 9, at 14-15.) Plaintiff concedes that Cumberland County is immune from punitive damages, but argues that he may recover punitive damages against the individual County Defendants in their official capacities, citing Smith v. Wade, 461 U.S. 30, 55 (1983)[4] and Adickes v. S.H. Kress & Co., 398 U.S. 144, 233 (1970), for the concept that when individuals act in "reckless or callous

---

[3] In their motion and brief, the County Defendants urge the dismissal of Plaintiff's entire complaint. (Doc. Nos. 8, at 3, 9, at 16). With respect to Plaintiff's § 1983 claim, the County Defendants argue that dismissal is appropriate "to the extent that [the claims] related to events occurring more than two years prior to the underlying litigation." (Doc. Nos. 8, ¶ 1, 9, at 4-5.) Despite this general statement, the County Defendant's only argument addresses whether claims relating to the 1998 demotion should be time-barred. Defendants did not challenge Plaintiff's other § 1983 claims relating to the County Defendants' alleged acts of unlawfully denying him a promotion and overtime work, unlawfully restricting his movements in the courthouse, and unlawfully detaining him on April 14, 2004 for an extended period of time. Accordingly, these claims will remain, and to the extent that the County Defendants move that these claims be dismissed, without argument or citation in support thereof, the motion will be denied.

[4] Incorrectly cited in Doc. No. 15 as 464 U.S. 30.

indifference" for another's federally protected rights, punitive damages are appropriate.  (Doc. No. 15, at 7.)  Plaintiff's reliance upon these cases is misplaced.

Municipalities are immune from punitive damages under § 1983.  *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-260 (1981); *Doe v. County of Centre*, 242 F.3d 437, 441 (3d Cir. 2001).  When a suit names a municipal officer in his official capacity and notice has been provided to the government entity, then that suit operates, in all but name, as a suit against the government entity.  *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).  The cases cited by Plaintiff do not support his argument to the contrary.  In holding that an individual may be liable for punitive damages, the *Smith* Court reasoned that the best deterrence to repeated constitutional deprivations is to "'allow[] juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources . . . .'"  *Smith*, 461 U.S. at 36 n.5 (quoting *Newport v. Fact Concerts*, 453 U.S. 247, 269-270 (1981)).  Thus, the *Smith* Court held that punitive damages were recoverable against individual defendants in their personal capacities, not their official capacities, which would put at risk the public coffers.  *See id.*  *Adickes*, which was also cited by the Plaintiff for support, involved an action against private entity defendants, so the question of individual versus official capacity never arose.  398 U.S. at 152.

Because a suit against a state officer in his official capacity is a suit against the government entity, punitive damages are not recoverable.  *Doe*, 242 F.3d at 441; *Gregory*, 843 F.2d at 120.  Accordingly, the Court will grant the County Defendants' motion to dismiss Plaintiff's claims for punitive damages against County Commissioners Barclay, Eichelberger, and Rovegno, Sheriff Kline, and Parole Officers Roller, Varner, and Herr in their official capacities.

An appropriate order shall follow.

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S. GARETH GRAHAM, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:CV-05-2679 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| GEORGE E. HOFFER; EDGAR B. BAILEY; BRUCE K. BARCLAY; GARY L. EICHELBERGER; RICHARD L. ROVEGNO; R. THOMAS KLINE; JOHN H. ROLLER; MICHAEL D. VARNER; LYLE M. HERR; CUMBERLAND COUNTY; and COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT, CUMBERLAND COUNTY, | : | |
| | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 28th day of December, 2006, upon consideration of Defendants' Motions to Dismiss (Doc. Nos. 8 and 11), filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. Commonwealth Defendants' Motion to Dismiss (Doc. No. 11) is **GRANTED**. All claims against the Commonwealth of Pennsylvania's Ninth Judicial District and Judges Hoffer and Bayley are **DISMISSED**.

2. Defendants Cumberland County, Barclay, Eichelberger, Rovegno, Kline, Roller, Varner, and Herr's (the "County Defendants") Motion to Dismiss (Doc. No. 8) is granted in part and denied in part as follows:

    a. All claims based upon Plaintiff's 1998 demotion are **DISMISSED** against all remaining Defendants;

      b.      Plaintiff's § 1985 claims are **DISMISSED** against all remaining Defendants;

      c.      Plaintiff's § 1986 claims are **DISMISSED** against all remaining Defendants;

      d.      Plaintiff's punitive damages claims against Cumberland County and County Commissioners Barclay, Eichelberger, and Rovegno, Sheriff Kline, and Parole Officers Roller, Varner, and Herr in their official capacities are **DISMISSED**;

      e.      To the extent that the County Defendants move this Court to dismiss the remaining § 1983 claims without argument or citation in support thereof, the Motion is **DENIED**.[5]

                                                        s/ Yvette Kane
                                                         Yvette Kane, Chief Judge
                                                         United States District Court
                                                          Middle District of Pennsylvania

---

[5] Although they move for dismissal of all claims against them, the County Defendants' only argument was that the Plaintiff's claim based on the 1998 demotion was time-barred. See Footnote 3 in accompanying memorandum; see also (Doc. No. 8, ¶ 1; Doc. No. 9, at 5-6; Doc. No. 16, at 2-3) (addressing specifically the 1998 demotion and more generally events occurring more than two years prior to the filing of the complaint). The County Defendants did not address Plaintiff's § 1983 claims that they: (1) denied him a promotion and overtime work on the basis of an impermissible consideration; (2) restricted his movements in the courthouse without due process of law; and (3) seized and detained him on April 14, 2004 without due process. Therefore, these unaddressed claims survive the County Defendants' motion to dismiss.